Jennings v. Baltimore & O. R. Co., 195 Ill. App. 543.

## James A. Jennings, Appellant, v. Baltimore & Ohio Railroad Company et al., Appellees.

### Gen. No. 19,867.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 8, 1915. Rehearing denied December 21, 1915.

### Statement of the Case.

Action by James A. Jennings, plaintiff, against the Baltimore & Ohio Railroad Company, and the Baltimore and Ohio Terminal Railroad Company, defendants, in the Circuit Court of Cook county, to recover for injuries sustained by plaintiff in a collision between plaintiff's automobile and defendants' train. From a judgment for defendant, plaintiff appeals.

The collision occurred in the City of Chicago, May 4, 1911, when plaintiff's automobile, while proceeding north on a throughfare known as Independence boulevard, was struck by the rear end of an east-bound passenger train.

The declaration contained four counts, wherein it was alleged that defendants owned and operated a certain railroad in the City of Chicago, which railroad crossed a certain public highway known as Independence boulevard; that, while plaintiff, in the exercise of due care and diligence for his own safety, was riding in an automobile over the crossing, made by the intersection of said railroad with Independence boulevard, he was struck by the rear end of a train of cars, which train of cars was owned and operated by said defendants and was under the control of the servants of the defendants. Said counts charged defendants with negligence (1) in the operation of said train, (2) in the failure to ring a bell or sound a whistle, as provided by our statutes, and (3) in the conduct of the crossing flagman—a servant of said

defendants—in recklessly, wilfully and negligently beckoning plaintiff to enter upon the crossing while said train was approaching.

Both defendants pleaded the general issue. The defendant, the Baltimore & Ohio Railroad Company, however, in addition, included in said plea a statement which it maintains was a notice in writing, under the statute, of a special defense to be relied upon at the trial, which statement was as follows:

"Said defendant, the Baltimore & Ohio Railroad Company, further says that it was not the owner of or in control of or in possession of the certain locomotive engine and the certain train of cars thereto attached, or of the railroad or railroad tracks upon which the same were driven, as alleged in said declaration, and the several counts thereof, and that said locomotive engine and train of cars referred to in said declaration and the several counts thereof, was not at the times in said declaration mentioned, or any of them, under the care and management of any servants of this defendant."

Upon the trial below plaintiff introduced evidence tending to prove the allegation of the declaration. Plaintiff also introduced in evidence certain facts which he claims, in themselves, or by the reasonable inferences that flow therefrom tended to show, that the defendant, the Baltimore & Ohio Railroad Company, owned controlled and operated the train of cars which collided with plaintiff's automobile, and that the said engine and train of cars and crossing were under the care and management of servants of the said Baltimore & Ohio Railroad Company.

At the close of plaintiff's case, the Baltimore & Ohio Railroad Company, after asking the court to instruct the jury for the defendant and submitting a written instruction to that effect, rested. The defendant, the Baltimore & Ohio Chicago Terminal, after submitting a similar motion and instruction, proceeded with its defense under its plea of general issue. At

the close of all the evidence, both defendants again renewed their motions for an instructed verdict, which motions were denied, whereupon the cause was submitted to the jury and the verdict returned upon which the judgment herein complained of was entered.

Charles R. Whitman, for appellant; Lloyd C. Whitman, of counsel.

Calhoun, Lyford & Sheean, for appellee; Charles D. Clark, of counsel.

Mr. Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1. Railroads, § 763*—*when instruction as to admission of ownership, management and control of train properly refused.* In an action to recover for injuries sustained by the alleged negligent operation of a railroad train, a request by plaintiff that the jury be instructed as matter of law that one of the defendants in the action admitted its ownership, management and control of the train in question by pleading the general issue in the action, *held* properly refused where such point was raised for the first time by plaintiff at the close of all the evidence, after having offered evidence as to such question as part of his case, such conduct being inconsistent, and where it also appeared that defendant filed with its plea a notice of special defenses which was sufficient under Hurd's Rev. St., ch. 110, sec. 48 (J. & A. ¶ 8593), providing for the filing with such a plea of written notice of special defenses relied on.

2. Instructions, § 137*—*when defendant may request instruction on plaintiff's evidence.* A defendant which has rested without offering any evidence in defense may at the close of plaintiff's evidence request that the jury be instructed, as to it, only on plaintiff's evidence, and further, that the jury be instructed not to consider, as to it, the evidence offered in defense by a codefendant.

3. Instructions, § 137*—*when right to instruction on plaintiff's evidence waived.* A defendant who rests without offering evidence in defense and cross-examines the witnesses offered by a codefendant waives his right to request that the jury be instructed, as to it, solely on plaintiff's evidence, and also to request that the jury be instructed not to consider, as to it, any evidence offered in defense by a codefendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INSTRUCTIONS, § 135*—*when right to instruction on plaintiff's evidence waived.* A defendant who has rested without offering evidence in defense submits to the jury, as to it, all the evidence in the case where, at the close of all the evidence, it requests a peremptory instruction in its favor as well as instructions on the facts and on the law in the case, without confining such requests to plaintiff's evidence, for which reason if the jury find a verdict of guilty, such defendant will be precluded from asserting that the jury were not warranted in considering, as to it, all the evidence in the case.

5. RAILROADS, § 770*—*when instructions conform to issues.* In an action to recover for injuries sustained by the alleged negligent operation of a train, instructions requested by plaintiff examined and *held* to submit to the jury the question of the ownership, management and operation of the train by a particular defendant.

6. RAILROADS, § 733*—*sufficiency of evidence as to negligent operation.* In an action to recover for injuries sustained by the alleged negligent operation of a railroad train, where the action was against two defendants, one of whom made no denial of the ownership and control of the agencies involved, a verdict of *not guilty* against one defendant which offers no evidence in defense will be sustained by the evidence where the jury are warranted in considering, as against such defendant, the evidence offered in defense by its codefendant, if a similar verdict as to such codefendant, found on such evidence, would be sustained thereby.

7. RAILROADS, § 770*—*when instruction as to warning signal by locomotive applicable to evidence.* In an action to recover for injuries sustained through the alleged negligent operation of a railroad train, *held* that an instruction as to the effect of sounding the locomotive's bell or blowing its whistle was based on sufficient evidence in the record, where such record showed that such bell was sounded by an electric ringer from the time the train reached the city limits until it came to a stop after the accident.

8. RAILROADS, § 766*—*when instruction on doctrine of last clear chance properly refused as misleading.* In an action to recover for injuries sustained by the alleged negligent operation of a railroad train, a requested instruction presenting the doctrine of "last clear chance" *held* properly refused, where the instruction was involved and misleading and did not correctly present such doctrine to the jury.

9. INSTRUCTIONS, § 46*—*necessity that instruction not invade province of jury.* An instruction which clearly invades the province of the jury is properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

10. TRIAL, § 155*—*province of jury to consider conflicting testimony*. An issue presented by conflicting testimony is a question of fact for the jury.

11. APPEAL AND ERROR, § 1410*—*when verdict will not be disturbed as against weight· of evidence*. Where the evidence is conflicting, the verdict of a jury will not be disturbed on review unless clearly and manifestly against the weight of the evidence.

12. RAILROADS, § 733*—*sufficiency of evidence as to negligent operation*. In an action to recover for injuries sustained by the alleged negligent operation of a railroad train, judgment for defendants *held* sustained by the evidence.

13. DAMAGES, § 183*—*when evidence as to having family inadmissible*. In an action to recover for injuries sustained by the alleged negligent operation of a railroad train, evidence that before the injury plaintiff was married and had children, *held* properly excluded.

14. JUDGMENT, § 199*—*when error as to one party as affecting other party immaterial*. In an action against codefendants, the question as·to the vitiation of the judgment as to both defendants by its invalidity as to one, *held* immaterial in view of the decision of the court on other questions presented by the record.